Filed 12/4/25  P. v. McKey CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E084019 |
| v. | (Super.Ct.No. FSB19003704) |
| DESMOND TAWAIN MCKEY, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Rafael A. Arreola, Judge.  (Retired Judge of the San Diego Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)

Christine M. Aros, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, A. Natasha Cortina and

1

Christine Levingston Bergman, Deputy Attorneys General, for Plaintiff and Respondent.

In July 2022, a jury found defendant and appellant Desmond McKey guilty of possessing methamphetamine while armed with a firearm (Health & Saf. Code, § 11370.1, subd. (a)) and being a felon in possession of a firearm (Pen. Code, § 29800, subd. (a)(1))[1]. The jury found defendant not guilty of first degree murder and deadlocked on the lesser offense of second degree murder. The jury also deadlocked on a charge of shooting at an occupied motor vehicle.

In July 2023, a second jury found defendant guilty of voluntary manslaughter (§ 192, subd. (a)) as a lesser offense of second degree murder. The jury found defendant not guilty of shooting at an occupied motor vehicle. The trial court found true the allegations that defendant suffered two prior convictions that qualified as strikes (§ 1170.12, subds. (a)-(d)) and serious felonies (§ 667, subd. (a)(1)). The trial court sentenced defendant to prison for a term of 25 years to life.

Defendant contends the trial court erred by denying his motion to strike one of his prior strikes (*Romero*[2] motion). We affirm.

---

[1] All subsequent statutory references will be to the Penal Code unless otherwise indicated.

[2] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*).

**FACTS**

A.     PRIOR OFFENSES

Defendant's criminal history includes the following prior convictions: (1) June 19, 1998: residential burglary (§ 459), a felony (first strike), granted 36 months of supervised probation with 270 days in jail; (2) October 22, 1999: battery (§ 242), a misdemeanor, granted 24 months probation with 77 days in jail; (3) July 14, 2000: (A) transporting or selling a controlled substance (Health & Saf. Code, § 11352, subd. (a)), a felony, sentenced to prison for six years; (B) possessing cocaine base for sale (Health & Saf. Code, 11351.5), a felony, given a stayed prison sentence of six years; and (C) driving without a license (Veh. Code, § 12500, subd. (a)), a misdemeanor, sentenced to jail for 120 days; (4) September 25, 2006: shooting at an occupied motor vehicle (§ 246), a felony (second strike), sentenced to prison for eight years; and (5) October 17, 2014: false imprisonment (§ 236), a felony, sentenced to 32 months in prison.

B.     CURRENT OFFENSE

On the evening of October 22, 2019, at 6:23:45, Trenton Jacobs (the victim) parked his vehicle in front of a liquor store. A few seconds later, he walked into the store. Defendant walked by the front of the liquor store, looking toward the store's windows. Defendant paused, walked up to one of the windows, and, at 6:24:50, extended both arms in front of him, as though holding a gun. At 6:24:55, defendant walked to his car, which was parked around the side of the liquor store.

At 6:25:37, the victim exited the liquor store. The victim briefly spoke to a friend in the parking lot, then he turned toward his car and opened the driver's door. As the victim was opening the door, at 6:25:48, defendant walked from the side of the liquor store to the front. From 6:25:48 to 6:25:55 defendant and the victim spoke to each other with more than three empty parking spaces between them. At 6:25:52 the victim took several steps in the direction of defendant, and defendant took several steps toward the victim. At 6:25:55, defendant shot the victim from a distance of three parking spaces away.

Defendant fired his gun twice, striking the victim once in the chest. The other bullet went through the victim's car window where a woman and a one-year-old child were sitting. The victim was unarmed. The victim " 'died within minutes' " due to the gunshot wound.

In an interview with law enforcement, defendant asserted that the victim shot defendant in his leg in August 2019 due to a dispute over defendant dating the victim's girlfriend while the victim was incarcerated. When defendant saw the victim at the liquor store, defendant was scared because he thought the victim might shoot him again.

According to the woman, who was seated in the victim's car, when defendant approached the victim, at 6:25:48, defendant said, " 'Hey . . . I know you.' " The victim responded, " 'I don't think so.' " Defendant then killed the victim. According to defendant, the victim said to defendant, " 'I wish I didn't miss.' "

C.     _ROMERO_ MOTION

In defendant's _Romero_ motion, he raised two arguments.  First, defendant contended his first strike was non-violent and remote, in that it occurred 26 years earlier.  Second, defendant asserted that if he were given an upper term sentence, doubled for a second strike, plus enhancements, that would be a 32-year prison term. Defendant was 45 years old at sentencing, so he would likely be over 60 years old when released, and "[i]ndividuals 60 and over ha[ve] the lowest conviction rate of all age groups (16.5 percent)."  Defendant contended that keeping him "in prison through his 80s has no benefit to society."

In opposing the motion, the People asserted defendant's criminal history is over 20 years long and of increasing severity.  The People contended, "Defendant is a career criminal and a life sentence is required to curtail this revolving door of criminal conduct."  The trial court denied the motion without stating its reasons.

**DISCUSSION**

Defendant contends the trial court erred by denying his motion to strike one of his prior strikes.

" '[T]he Three Strikes law does not offer a discretionary sentencing choice, . . . but establishes a sentencing requirement to be applied in every case where the defendant has at least one qualifying strike.' "  (_People v. Carmony_ (2004) 33 Cal.4th 367, 377 (_Carmony_).)  If a trial court decides to dismiss a prior strike allegation in the interest of justice (§ 1385, subd. (a)), then it must state its reasons for doing so.  (_Carmony_, at p. 377.)  "Thus, the three strikes law not only establishes a sentencing norm, it carefully

5

circumscribes the trial court's power to depart from this norm and requires the court to explicitly justify its decision to do so. In doing so, the law creates a strong presumption that any sentence that conforms to these sentencing norms is both rational and proper.

"In light of this presumption, a trial court will only abuse its discretion in failing to strike a prior felony conviction allegation in limited circumstances. For example, an abuse of discretion occurs where the trial court was not 'aware of its discretion' to dismiss [citation], or where the court considered impermissible factors in declining to dismiss [citation]." (*Carmony*, *supra*, 33 Cal.4th at p. 378.)

" '[I]t is not enough to show that reasonable people might disagree about whether to strike one or more' prior conviction allegations.' " (*Carmony*, *supra*, 33 Cal.4th at p. 378.) "[T]he circumstances must be 'extraordinary . . . by which a career criminal can be deemed to fall outside the spirit of the very scheme within which he squarely falls . . . .' Of course, in such an extraordinary case—where the relevant factors . . . manifestly support the striking of a prior conviction and no reasonable minds could differ—the failure to strike would constitute an abuse of discretion." (*Ibid.*)

When deciding or reviewing a motion to dismiss a prior strike conviction allegation, the court " 'must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies.' " (*Carmony*, *supra*, 33 Cal.4th at p. 377.)

Defendant's criminal history stretches over more than 25 years and involves drugs and violence. At times, defendant was granted probation. At other times, he was sentenced to prison. Neither approach made a significant difference, as defendant continued to commit crimes involving drugs and/or violence.

In the instant case, defendant saw that the victim was in the liquor store. Defendant then went to his car. Defendant could have driven away, walked away, or called for help. Instead, defendant left his place of safety (his car) and walked around the corner of the liquor store to approach the victim. Within seven seconds of defendant appearing at the front of the liquor store, he shot the victim. Defendant's conduct demonstrates that he is still apt to choose violence. When given the option of being in a place of safety or shooting a person, defendant chose to shoot a person.

Defendant's 25-year history of crimes involving drugs and violence, his violence escalating to cause the death of another person, and his decision to engage in violence rather than remain in a place of safety establish that he falls squarely within the spirit of the "Three Strikes" law.

Defendant asserts that (1) the majority of his prior convictions are misdemeanors or drug offenses—not violent offenses; (2) defendant shot the victim because defendant was scared; (3) defendant expressed remorse for killing the victim; and (4) a sentence of 33 years is sufficient punishment for the convictions in this case.

As explained *ante*, " '[I]t is not enough to show that reasonable people might disagree about whether to strike one or more' prior conviction allegations." (*Carmony*, *supra*, 33 Cal.4th at p. 378.) "[T]he circumstances must be 'extraordinary . . . by which

7

a career criminal can be deemed to fall outside the spirit of the very scheme within which he squarely falls.' " (*Ibid.*)

The circumstances set forth by defendant are not extraordinary; they might lead some people to disagree about a three-strikes sentence in this case, but they are not the type of circumstances where no reasonable person would find that defendant falls within the spirit of the Three Strikes law. Accordingly, the trial court did not abuse its discretion.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
J.

We concur:

McKINSTER
Acting P. J.

FIELDS
J.

8